IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN CLAYTON SKIDMORE, #1456487, | ) ) | |
|     Plaintiff, | ) ) | |
| v. | ) ) | 3:08-CV-1845-P |
| SGT. HILL, et al., | ) ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is confined at the Ellis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), in Huntsville, Texas. Defendants are the Burleson Police Department and the following Burleson Police Department employees: Sgt. Hill, Officer Grace, and Officer Austin. The court did not issue process in this case, pending preliminary screening.

Statement of Case: The complaint alleges that Defendants unnecessarily tackled, kicked and stomped Plaintiff while he was being detained at gun point and lying on the ground. Plaintiff alleges that he suffered bodily injury which required medical attention as a result of the excessive use of force. He seeks monetary compensation for his pain and suffering, and the

medical expenses that he incurred.

Findings and Conclusions: Although Plaintiff paid the $350.00 filing fee, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (the statutory screening provision under § 1915A applies to all prisoners' actions against governmental entities, their officers and employees, regardless of whether the prisoner is proceeding *in forma pauperis*).[1]

Section 1915A(b) provides for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or fails to state a claim upon which relief may be granted. A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___ U.S. ___, 127 S. Ct. 1955, 1968-69 (2007).

The two-year and two-day delay between the date on which Plaintiff's cause of action accrued, October 14, 2006, and the date on which the complaint was filed in this Court, October 16, 2008, prompts consideration of the timeliness of this action. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims

---

[1] Section 1915A provides in pertinent part that:
The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.
28 U.S.C. § 1915A(a) and (b) (emphasis added).

are properly dismissed," pursuant to § 1915(e)(2)(B)); *Combs v. City of Dallas*, 3:06-CV-0074-P, 2006 WL 3635357, *2-3 (N.D. Tex. -- Dallas Div., 2006) (*sua sponte* dismissal of fee-paid, prisoner case as time barred under § 1915A(b)(1)); *see also Mooney v. Dallas County*, 3:05-CV-1432-N, 2008 WL 151250 (N.D. Tex. – Dallas Div., 2008) (*sua sponte* dismissal of time barred claim in fee-paid, prisoner case).

In Texas, § 1983 actions are governed by the two-year personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)*; Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006); *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2008). "The cause of action accrues . . . when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Plaintiff concedes that his cause of action accrued on October 14, 2006, the date of the alleged excessive use of force at issue, and that his complaint had to be filed by October 14, 2008, in order to be timely. (*See* Plaintiff's Affidavit and Letter to his father attached to his complaint).

The "mailbox rule" (which in *Cooper v. Brookshire,* 70 F.3d 377, 379 (5th Cir. 1995), was extended to civil rights actions filed by prisoners) is inapplicable to this case. Under *Cooper,* a prisoner's *pro se* complaint is deemed to be filed "as of the moment it [is] delivered to prison officials" for mailing. *Id.* at 379-80. Plaintiff did *not* mail the complaint to this court through the prison mail system. Rather he mailed it to his father, who in turn mailed it to this court along with the $350.00 filing fee. Therefore, the court is bound by the complaint's filing date of October 16, 2008. *See Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002) (holding that

3

the mailbox rule did not apply to *pro se* prisoner who sent habeas petition to his daughter for mailing); *United States v. Cicero,* 214 F.3d 199, 204-05 (D.C. Cir. 2000) (limitations not tolled where prisoner forwarded petition to jailhouse lawyer who later was placed in administrative segregation, delaying the filing); *Paige v. United States,* 171 F.3d 559, 560-61 (8th Cir. 1999) (mailbox rule inapplicable where prisoner mailed petition to brother for preparation and filing); *see also Cousin v. Lensing*, 310 F.3d 843, 847 and n. 2 (5th Cir. 2002) (holding that prisoner litigants represented by an attorney were not entitled to the benefit of the mailbox rule, and noting that other circuits have declined to apply the mailbox rule to prisoner litigants who employ non-attorney intermediaries to file federal petitions).[2]

This is not a case where Plaintiff can demonstrate that he is entitled to equitable tolling of the limitations period. *See Holmes v. Texas A & M Univ.,* 145 F.3d 681, 684-85 (5th 1998); Tex. Civ. Prac. & Rem.Code Ann. § 16.001 (West 2008). Moreover, under Texas law, imprisonment does not act to toll the statute of limitations. *Gonzales*, 157 F.3d at 1020. Accordingly, Plaintiff's complaint is clearly time barred and should be dismissed with prejudice as frivolous or for failure to state a claim.

---

[2] Habeas corpus cases analyzing the "mailbox" rule in the context of the one-year statute of limitations for habeas cases are analogous when determining the application of the same "mailbox" rule in the context of the two-year limitations period for § 1983 cases.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as frivolous or for failure to state a claim. *See* 28 U.S.C. §§ 1915A(b)(1).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 20th day of October, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.